In the Matter of an Application by CHARLES W. BALLARD, Petitioner, for an Order under Article 78 of the Civil Practice Act against JOHN L. RICE, Commissioner of Health of the City of New York, and the NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Defendants.*

Supreme Court, Special Term, New York County, April 5, 1938.

* Affd., 254 App. Div. 733.

*Albert De Roode*, for the petitioner.

*William C. Chanler, Corporation Counsel* [*Thomas W. A. Crowe* of counsel], for the defendants.

McLAUGHLIN (CHARLES B.), J.    Section B3–35.0 of the Administrative Code of the city of New York provides for pension benefits to a member of the retirement system " who is removed or otherwise involuntarily separated from city-service for any cause other than fault or delinquency on his part after having completed twenty years of allowable service."

The petitioner, as a result of a competitive examination held in the year 1917, was appointed to the position of micro-analyst in the department of health and had occupied that position for more than twenty years prior to October 1, 1937.    The notice of the competitive examination which resulted in the petitioner's appointment did not specify the place where the duties of the position of micro-analyst were to be performed.    By permission of the health authorities the petitioner has ever since his appointment performed the duties of his position in private laboratories, in his home or elsewhere and not in laboratories of the health department.    On April 1, 1937, the commissioner of health notified the petitioner that he would have to carry on his work in the laboratory of the health department or else give up his position. The petitioner was given until October first to comply with this direction of the commissioner.    It is the contention of the petitioner, to quote from the petition, that " the change from ordinarily regarded part time employment and extra-mural character of the employment of Petitioner constitutes a termination of his service and the abolishing of the employment and the particular place of employment held by the Petitioner without fault or delinquency

on the part of Petitioner." In other words, the petitioner claims that the requirement that he perform the duties of his position in the laboratory of the department of health constituted an involuntary separation from the city service for a cause other than fault or delinquency on his part. With this contention the court cannot agree. The permission given to the petitioner for a period of many years to do his work in private laboratories, in his home or elsewhere was a mere indulgence which the commissioner of health could revoke at any time. The petitioner acquired no vested right to perform his duties in such places as he might select. The notice of the examination as a result of which the petitioner obtained his position contained no statement that the work could be performed wherever the successful applicant chose to perform it, and it must, therefore, be assumed that the proper health authorities had the right at all times to determine where the employee was to perform his labors. In so far as the present application is based on the theory that the petitioner was involuntarily separated from the service without fault or delinquency on his part, the same is denied.

Since October first the petitioner has been on a leave of absence without pay pending the determination by the board of estimate and apportionment of his application for retirement. In the meantime Local Law No. 40 for the year 1937 went into effect, providing that " any person now in the employ of the City of New York who is not a *bona fide* resident or dweller in the City of New York shall have until January first, nineteen hundred thirty-eight, to establish a residence in the City of New York and any failure to do so shall forfeit his or her appointment or employment." The petitioner, although notified on or about December 13, 1937, of the provisions of Local Law No. 40, failed to establish a residence in New York city and, according to the petition, his employment was terminated and he was separated from the service of the city on January 1, 1938, by operation of law. The petitioner maintains that the termination of his employment by reason of non-residence was not due to fault or delinquency on his part, and that he is, therefore, entitled to retirement under the provisions of the Administrative Code, previously quoted. No attack on the legality of Local Law No. 40 is made by the petitioner, and it must, therefore, be assumed to be a valid enactment. In the court's opinion the termination of the petitioner's employment by reason of his failure to become a resident of the city of New York prior to January 1, 1938, may not be said to have been without fault or delinquency on his part. The refusal or failure of the petitioner to comply with valid and reasonable requirements imposed by the city in connection with his position characterize his separation from the

service as voluntary and not involuntary. The situation is similar in principle to that which would be presented if the hours of the petitioner's employment were changed so as to require petitioner to report for duty at eight A. M. instead of at nine A. M. and the petitioner was separated from the service for refusal to conform. The commissioner was bound to enforce the provisions of this law. His oath of office required it. The law is equally binding upon the relator as upon every other employee of the city similarly affected. That he did not become a *bona fide* resident of the city of New York is due to his own fault solely. He has made his choice. The words "fault or delinquency on his part," as used in the statute, are certainly broad enough, in the opinion of the court, to include any failure or refusal to comply with valid and reasonable requirements imposed by the city upon an employee in order to comply with the law relating to residence. To the extent that the present motion seeks an adjudication that the petitioner was separated from the service without fault or delinquency on his part as of January 1, 1938, the motion must, therefore, likewise be denied.

As the other relief sought is incidental to the two main forms of relief previously referred to, the motion is denied in all respects.